IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| HEATHER CRICH AND GARY CRICH, Individually and As Next Friends of XXXXXX XXXXX and XXXXXX XXXXX, Minors, <br><br> v. <br><br> MARATHON PETROLEUM COMPANY, LP and RAYMOND L. BROOKS | § § § § § § § § § § § <br><br> Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Marathon Petroleum Company, LP ("Marathon Petroleum"), pursuant to 28 U.S.C. § 1441(a) and (b), submits this Notice of Removal to remove the civil action now pending in the District Court of Galveston County, Texas, 212th Judicial District. In support of this Notice of Removal, Marathon Petroleum states as follows:

1.  Marathon Petroleum is a defendant in a personal injury and property damage action filed by plaintiffs Heather Crich and Gary Crich, individually and as next friends of XXXXXX XXXXX and XXXXXX XXXXX, minors (collectively "Plaintiffs"), in the 212th Judicial District Court of Galveston County, Texas, styled *Heather Crich et al. v. Marathon Petroleum Company, LP et al.*; Cause No. 2015-0360. Plaintiffs allege that they suffered injuries as a result of a catalyst release at "Marathon's refinery in Texas City, Texas." (Pl's Orig. Pet. ¶ 5.1.)

2.  Plaintiffs have also brought claims against the refinery manager, Raymond L. Brooks ("Brooks").

3.  Brooks was served with Plaintiffs' Original Petition and Request for Disclosure ("Petition") on April 15, 2015. Marathon Petroleum was served with the Petition on April 20,

2015.  Plaintiffs' Petition states: "[p]ursuant to TRCP 47(c) Plaintiffs herenow seek monetary relief over $1,000,000."

4. On May 1, 2015, Marathon Petroleum and Brooks appeared in the state court action and answered Plaintiffs' Petition.  That same day, Marathon Petroleum filed this Notice of Removal of the state court action to federal court on the basis of diversity jurisdiction.  *See id.* §§ 1446(b)(2)(B)-(C).  Brooks consents to removal of this action.

5. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, which provide for removal of civil actions concerning controversies between citizens of different states.  Removal is proper under 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between the parties.

## COMPLETE DIVERSITY EXISTS

6. Plaintiffs are individuals who are resident citizens of Galveston County, Texas. (Pl's Orig. Pet. ¶¶ 2.1-2.3.)

7. Defendant Marathon Petroleum is a non-Texas citizen, and therefore, diverse from Plaintiffs.  Specifically, Marathon Petroleum is a limited partnership organized under the laws of Delaware with its principal place of business in Ohio.  The general partner of Marathon Petroleum is MPC Investment LLC, a limited liability company organized under the laws of Delaware with its principal place of business in Ohio.  The sole limited partner of Marathon Petroleum is Marathon Petroleum Corporation, a corporation organized under the laws of Delaware with its principal place of business in Ohio, which is also the sole member of MPC Investment LLC.  Accordingly, Marathon Petroleum Company LP is a citizen of Delaware, by virtue of its organization, and Ohio, by virtue of its principal place of business.  Thus, there is complete diversity between the parties.

D0E70A49E2091227: 0001

8. The only defendant non-diverse from Plaintiffs is Brooks, who is a Texas citizen. Brooks, however, has been improperly joined in this lawsuit by Plaintiffs. As such, his citizenship must be disregarded for purposes of diversity jurisdiction. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 1997).

9. A non-diverse defendant is improperly joined for removal purposes where "'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [that] defendant.'" *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 573). For a plaintiff to avoid removal, "there must be a reasonable possibility of recovery [against the non-diverse defendant], not merely a theoretical one." *Ross v. Citifinancial, Inc.*, 509 F.3d 665 (5th Cir. 2003). To determine if a non-diverse defendant has been improperly joined, federal courts look to the substantive law of the forum state. *See Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001).

10. Here, Plaintiffs allege injuries arising out of a catalyst release at "Marathon's refinery in Texas City, Texas." (Pl's Orig. Pet. ¶ 5.1.) Plaintiffs have sued Marathon Petroleum as the purported owner of the refinery. (*Id.*) Marathon Petroleum does not own or operate the refinery. Rather, the refinery is owned and operated by a non-party, Marathon Petroleum's wholly-owned subsidiary Blanchard Refining Company, LLC ("Blanchard Refining"). Blanchard Refining is a Delaware limited liability company with its principal place of business in Ohio. Accordingly, Blanchard Refining is a citizen of Delaware, by virtue of its organization, and Ohio, by virtue of its principal place of business.

11. Plaintiffs have additionally brought claims against Brooks based solely upon his role of refinery manager, which Plaintiffs contend gives Brooks "the ultimate responsibility for

3

the plant operations." (Pl's Orig. Pet. ¶ 5.2.) Specifically, Plaintiffs allege that the catalyst release at issue was caused by "the negligence of the Defendant Marathon, acting by or through their agents or employees, including but not limited to the Defendant Brooks…" (*Id.*) Plaintiffs do not identify any allegedly wrongful conduct of Brooks independent of Marathon's alleged acts and omissions.

12. Texas law is clear that a corporate manager or agent can only be personally liable if he owes the plaintiff an independent duty of care separate and apart from the duty owed by the company. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *see also Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). Numerous federal courts have applied the law of *Leitch* to find improper joinder when a company manager is joined in a suit against the company. *See, e.g., Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp.2d 476, 480 (S.D. Tex. 2008); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp.2d 564, 567 (S.D. Tex. 1999); *Thomas v. Union Pacific R.R. Co.*, 2010 WL 3120049 (S.D. Tex. Aug. 9, 2010); *McKinney v. Home Depot, USA, Inc.*, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006).

13. All alleged actions by Brooks were actions of a refinery manager conducted in the course and scope of Brooks' employment as a refinery manager on behalf of the refinery owner and operator, Blanchard Refining. Plaintiffs do not allege that Brooks owed them an independent duty separate from the duty owed by Blanchard Refining and/or Marathon Petroleum. Nor do Plaintiffs allege that Brooks committed any intentional tort against them. On the contrary, all allegations against Brooks are part and parcel of the same allegations against Marathon Petroleum. As such, Brooks cannot be individually liable to Plaintiffs for the claims alleged.

4

D0E70A49E2091227: 0001

14. Accordingly, no reasonable possibility of recovery exists against Brooks, complete diversity exists, and removal is proper. *See Vailliancourt*, 771 F.3d at 847; *Campbell*, 509 F.3d at 669; *McDonal*, 408 F.3d at 183.

### THE REQUISITE AMOUNT-IN-CONTROVERSY EXISTS

15. As set forth above, Plaintiffs seek to recover damages of more than $1 million. Accordingly, removal is proper under 28 U.S.C. § 1332(b) because the amount in controversy exceeds $75,000.

### COMPLIANCE WITH REMOVAL PROCEDURES

16. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Texas, Galveston Division is the federal district court for the district embracing the place where the action is pending.

17. Marathon Petroleum is serving written notice of the filing of this Notice of Removal upon all parties and will cause a copy of this Notice to be filed with the Court Clerk of the District Court of Galveston County, State of Texas, in accordance with 28 U.S.C. § 1446(d).

18. All documents that must be attached to a Notice of Removal pursuant to Local Rule 81 of the U.S. District Court, Southern District of Texas, are attached hereto as Exhibit A.

19. Marathon Petroleum reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Marathon Petroleum Company, LP removes to this Court the above-referenced action now pending in the District Court of Galveston County, Texas, 212th Judicial District.

D0E70A49E2091227: 0001

Dated: May 1, 2015

        Respectfully submitted,

        By: */s/ George T. Shipley*
           George T. Shipley
           Texas Bar No. 18267100
           S.D. Tex. No. 02118
           SHIPLEY SNELL MONTGOMERY LLP
           712 Main Street, Suite 1400
           Houston, Texas 77002-3201
           Telephone: (713) 652-5920
           Facsimile: (713) 652-3057

        ATTORNEY-IN-CHARGE FOR DEFENDANT
        MARATHON PETROLEUM COMPANY LP

OF COUNSEL:

Joel Z. Montgomery
Texas Bar No. 24002361
S.D. Tex. No. 22130
Laina R. Miller
Texas Bar No. 24037114
S.D. Tex. No. 36597
SHIPLEY SNELL MONTGOMERY LLP
712 Main Street, Suite 1400
Houston, Texas 77002-3201
Telephone: (713) 652-5920
Facsimile: (713) 652-3057

6

D0E70A49E2091227: 0001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed with the Clerk of Court using the Southern District of Texas CM/ECF System for filing and service on all counsel of record, in accordance with FED. R. CIV. P. 5(b)(2)(E), on May 1, 2015.

>Mr. Alton C. Todd
>THE LAW FIRM OF ALTON C. TODD
>312 S. Friendswood Dr.
>Friendswood, Texas 77546
>alton@actlaw.com
>*Attorneys for Plaintiffs*
>**BY E-SERVICE AND/OR CERTIFIED MAIL**
>
>Mr. Raymond L. Brooks
>c/o SHIPLEY SNELL MONTGOMERY LLP
>712 Main St., Ste. 1400
>Houston, Texas 77002
>gshipley@shipleysnell.com
>*Attorneys for Defendants*
>**BY E-SERVICE**

>>*/s/ George T. Shipley*
>>George T. Shipley

D0E70A49E2091227: 0001

## **ATTACHMENTS**

1.     All Executed Process in the Case

2.     Pleadings

3.     Orders Signed by State Court Judge (None)

4.     Docket Sheet

5.     Index of Matters being Filed

6.     List of All Counsel of Record

D0E70A49E2091227: 0001