**EXHIBIT 1 to NOTICE OF REMOVAL**

**ATTCHMENT 1:  ALL EXECUTED PROCESS IN THE CASE**

Filed: 4/21/2015 12:52:39 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 4969837
By: Shaija Dixit
4/21/2015 12:54:15 PM

## CITATION
### THE STATE OF TEXAS

HEATHER CRICH, ET AL VS. MARATHON PETROLEUM
COMPANY, ET AL

Cause No.: 15-CV-0360
212th District Court of Galveston County

TO:   Raymond L Brooks
      4609 Hermosa Arroyo Drive
      League City TX 77573

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed April 13, 2015. It bears cause number **15-CV-0360** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 13th day of April, 2015.**

Issued at the request of:
Alton C Todd
312 South Friendswood Drive
Friendswood TX 77546



**John D. Kinard**, District Clerk
Galveston County, Texas

*Rolande Kain*

By: _____
    Rolande Kain, Deputy

SEE ATTACHED FORM
*NOTE: Status Conference set: 07/09/2015 at 9:00 AM*

---

OFFICER/AUTHORIZED RETURN

Came to hand on the _13_ day of _April_, 20_15_ at _10:00_ o'clock _A_. M. and executed at _4609 Hermosa Arroyo Dr., League City_ in _Galveston_ County, Texas, on the _15_ day of _April_, 20_15_ at _5:48_ o'clock _P_ m, by delivering to _Raymond L. Brooks_, in person a true copy of this Citation together with the accompanying _1_ copy(ies) of the Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _15_ day of _April_, 20_15_.

Fee-Serving: _____

Amount: _____

*Thomas Thornton*
Sheriff/Constable
_Galveston_ County, Texas
BY: _____   SCN 8395
Authorized Person/Deputy Signature   Exp. 3/31/17

On this day personally appeared _Thomas David Thornton_, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _21st_ day of _April_, 20 _15_

*Salena Woods*
Notary Public

SALENA L WOODS
My Commission Expires
September 27, 2016

15—CV—0360
DCCIR
Citation and Return
1026659

# 212th District Court of GALVESTON County, Texas
722 MOODY ST. GALVESTON TX 77550

## Case #: 15-CV-0360

**HEATHER CRICH, ET AL**

*Plaintiff*
**vs**
**MARATHON PETROLEUM COMPANY, ET AL**

*Defendant*

### RETURN OF SERVICE

I, Ronnie Grimes, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 04/16/15 11:49 am, instructing for same to be delivered upon
Marathon Petroleum Company By Delivering To Its Reg. Agent CT Corporation System.

| | |
|---|---|
| That I delivered to | : Marathon Petroleum Company By Delivering To Its Reg. Agent CT<br>: Corporation System. By Delivering to Mica Minor, Corps Ops Spec |
| the following | : CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE |
| at this address | : 1999 Bryan St., Ste. 900<br>: Dallas, Dallas County, TX 75201 |
| Manner of Delivery | : by PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : April 17, 2015 1:11 pm |

My name is Ronnie Grimes, my date of birth is October 26th, 1991, and my address is
Professional Civil Process Dallas, Inc., 2206 Century Center Blvd., Irving TX 75062,
and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Dallas County, State of Texas, on the ____17th____ day of
___April___, 20_15_.

_____
                                                        Declarant
Ronnie Grimes

Texas Certification#: SCH-10075 Exp. 12/31/15

Private Process Server
Professional Civil Process Of Texas, Inc          PCP Inv#: D15400749
103 Vista View Trail Spicewood TX 78669           SO  Inv#: A15403904
(512) 477-3500

AX02A15403904

stevenj

+ Service Fee:  70.00
  Witness Fee:    .00
  Mileage Fee:    .00

Todd, Alton C.

**MAIL BACK TO COURT**

## CITATION

### THE STATE OF TEXAS

HEATHER CRICH, ET AL VS. MARATHON PETROLEUM
COMPANY, ET AL

Cause No.: 15-CV-0360

212th District Court of Galveston County

TO:    Marathon Petroleum Company
       Registered Agent CT Corporation System
       1999 Bryan Street Suite 900
       Dallas TX 75201

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the 212th District Court of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed April 13, 2015. It bears cause number **15-CV-0360** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 13th day of April, 2015.**

Issued at the request of:
Alton C Todd
312 South Friendswood Drive
Friendswood TX 77546

**John D. Kinard**, District Clerk
Galveston County, Texas

*Rolande Kain*

By: _____

Rolande Kain, Deputy

SEE ATTACHED FORM
*NOTE: Status Conference set: 07/09/2015 at 9:00 AM*

### OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ____. M. and executed at_____
_____ in _____County, Texas , on
the _____ day of _____, 20___ at _____ o'clock ____m, by delivering to_____, in
person a true copy of this Citation together with the accompanying _____ copy(ies) of the Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

_____

Sheriff/Constable

Amount: _____

_____ County, Texas

BY: _____

Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____

Notary Public

## EXHIBIT 1 to NOTICE OF REMOVAL

### ATTACHMENT 2:  PLEADINGS

1)      Plaintiffs' Original Petition and Request for Disclosure

2)      Defendants Marathon Petroleum Company, LP and Raymond L. Brooks' Original Answer

Filed: 5/1/2015 10:03:37 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 5113425
By: Ann Vaughn
5/1/2015 10:18:52 AM

NO. 15-CV-0360

| | | |
|---|---|---|
| HEATHER CRICH AND GARY CRICH, | § | IN THE DISTRICT COURT OF |
| Individually and As Next Friends of | § | |
| XXXXXX XXXXX and XXXXXX | § | |
| XXXXX, Minors, | § | |
| | § | GALVESTON COUNTY, TEXAS |
| v. | § | |
| | § | |
| MARATHON PETROLEUM COMPANY, | § | |
| LP and RAYMOND L. BROOKS | § | 212TH JUDICIAL DISTRICT |

## DEFENDANTS MARATHON PETROLEUM COMPANY, LP AND RAYMOND L. BROOKS' ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendants Marathon Petroleum Company, LP ("Marathon Petroleum") and Raymond L. Brooks ("Brooks") (collectively "Defendants") file this Original Answer to Plaintiffs' Original Petition as follows:

## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Marathon Petroleum and Brooks generally deny the material allegations against them contained in Plaintiffs' Original Petition, and demand strict proof thereof by the greater weight of the believable evidence, as required by the Constitution and laws of the State of Texas.

## DEFENSES AND AFFIRMATIVE DEFENSES

2.      Pleading further, Marathon Petroleum specifically denies that it owns or operates the refinery in Texas City, Texas at which the alleged incident occurred.  Such refinery is owned and operated by a wholly-owned subsidiary of Marathon Petroleum, Blanchard Refining Company, LLC ("Blanchard Refining").  Blanchard Refining is a separate and distinct legal entity from Marathon Petroleum.

3.     Marathon Petroleum specifically denies that it is liable in the capacity in which it has been sued in this matter. Tex. R. Civ. P. 93(2).

4.     Brooks specifically denies that he is individually liable to Plaintiffs for the alleged claims.  The allegations against Brooks arise solely out of his duties as refinery manager of the Texas City, Texas refinery, which he carried out on behalf of Marathon Petroleum and/or Blanchard Refining.  There are no allegations that Brooks owed Plaintiffs any duty of care independent of the duty allegedly owed by Marathon Petroleum.  As a matter of law, Brooks cannot be held liable separately from Marathon Petroleum on Plaintiffs' pleaded claims as alleged.

5.     Defendants Marathon Petroleum and Brooks hereby assert the defenses of contributory or comparative negligence, comparative causation, and/or proportionate responsibility and would ask this Court and the Jury to reduce any judgment against Marathon Petroleum and/or Brooks by the degree of negligence or causation attributed to any other person or party, including Plaintiffs, and any responsible third parties, pursuant to the Texas Civil Practice & Remedies Code.

6.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

7.     Any potential recovery of medical or health care expenses by Plaintiffs are limited to the amount actually paid or incurred by or on behalf of Plaintiffs, pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code.

8.     Defendants reserve the right to supplement or amend this answer in accordance with law and the Texas Rules of Civil Procedure.

2

WHEREFORE, Defendants Marathon Petroleum Company, LP and Raymond L. Brooks pray that, upon final trial and hearing in this case, Plaintiffs take nothing by reason of this suit, that Marathon Petroleum and Brooks recover their costs of court and expenses, and for all other relief to which Defendants may be justly entitled.

Respectfully submitted,

SHIPLEY SNELL MONTGOMERY LLP

By: _____

George T. Shipley
State Bar No. 18267100
Joel Z. Montgomery
State Bar No. 24002631
Laina R. Miller
State Bar No. 24037114
712 Main Street, Suite 1400
Houston, Texas 77002
T:  (713) 652-5920
F:  (713) 652-3057
gshipley@shipleysnell.com
jmontgomery@shipleysnell.com
lmiller@shipleysnell.com

ATTORNEYS FOR DEFENDANTS
MARATHON PETROLEUM COMPANY, LP AND
RAYMOND L. BROOKS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to all counsel of record on May 1, 2015 in accordance with Texas Rules of Civil Procedure 21 and 21a:

Mr. Alton C. Todd
THE LAW FIRM OF ALTON C. TODD
312 S. Friendswood Dr.
Friendswood, Texas 77546
alton@actlaw.com
**BY E-SERVICE AND/OR CERTIFIED MAIL**

Laina R. Miller

DCF9AA49E4CB7624: 0001

Filed: 4/13/2015 12:08:37 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 4861422
By: Shailja Dixit
4/13/2015 12:54:32 PM

15-CV-0360

CAUSE NO. _____

| | | |
|---|---|---|
| HEATHER CRICH AND GARY CRICH, | § | IN THE DISTRICT COURT OF |
| Individually and As Next Friends of | § | |
| XXXXXX XXXXX and XXXXXX XXXXX, | § | |
| Minors, | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| | § | Galveston County - 212th District Court |
| MARATHON PETROLEUM COMPANY, | § | |
| LP and RAYMOND L. BROOKS | § | ___ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION and REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes HEATHER CRICH and Husband, GARY CRICH, Individually and as Next Friends for XXXXXX XXXXX and XXXXXX XXXXX, collectively referred to as "Plaintiffs," and files this their Original Petition and Request for Disclosure complaining of the conduct of Defendants, MARATHON PETROLEUM COMPANY, LP, (hereinafter referred to as "MARATHON") and RAY BROOKS (hereinafter referred to as "BROOKS") would respectfully show unto the Court the following:

**I.**

### DISCOVERY CONTROL PLAN AND REQUEST FOR DISCLOSURE

1.1.    Pursuant to Rule 190.1, Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Rule 190.4, Level 2.

1

1.2.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, the Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a-l).

## II.

## PARTIES

2.1.     Plaintiff, HEATHER CRICH, is a resident citizen of Bayou Vista, Galveston County, Texas.

2.2.     Plaintiff, GARY CRICH, is a resident citizen of Bayou Vista, Galveston County, Texas.

2.3.     Plaintiffs, HEATHER CRICH and GARY CRICH, as Next Friends of XXXXX XXXXX and XXXXXX XXXXX, are resident citizens of Bayou Vista, Galveston County, Texas.

2.4     Defendant MARATHON PETROLEUM COMPANY, LP is a foreign corporation, duly organized and existing under the laws of the State of Delaware and authorized to conduct business in Texas, and may be served with citation and a copy of this petition by and through its registered agent, C. T. Corporation System,1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.

2.5     Defendant, RAYMOND L. BROOKS, is a refinery manager of MARATHON and may be served with process at 4609 Hermosa Arroyo Drive, League City, Galveston County, Texas 77573, or wherever he may be found.

2

## III.

### JURISDICTION AND VENUE

3.1     This Court has jurisdiction because the amount in controversy is within the jurisdictional limits of this Court.

3.2     Venue is proper in Galveston County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County, Texas.   See, Tex. Civ. Prac. & Rem. Code § 15.001, *et seq.*

## IV.

### REQUEST PURSUANT TO RULE 28

4.1.     To the extent that Defendants are  conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs hereby demand  that upon answer to this suit, Defendants  answer in their  correct legal and assumed name.

## V.

### FACTS

5.1.     On January 13, 2015, a unit within Defendant MARATHON's refinery in Texas City, Texas released at least 128,500 pounds of catalyst dust.  Reports indicate that the release lasted 22 hours and 54 minutes.  There was a strong northerly wind which blew the catalyst dust into the communities of Omega Bay, Bayou Vista and Tiki Island. It appeared as if it had snowed.   The Defendant MARATHON  has reported that

3

primary components of the dust was silica and aluminum oxide. Many citizens in these communities, including Plaintiffs, have sustained both personal injury but also property damage.

5.2     The release of the toxic chemical compounds was proximately caused by the negligence of the Defendant MARATHON, acting by or through their agents or employees, including but not limited to the Defendant BROOKS, who has the ultimate responsibility for the plant operations.

## VI.

## CAUSES OF ACTION

6.1     Plaintiffs incorporate the preceding paragraphs as if fully stated verbatim.

### Negligence

6.2     Plaintiffs claim that the Defendant MARATHON'S conduct was negligent in at least the following particulars:

    a.    In allowing the release of the toxic chemical compounds;

    b.    Failing to inspect and maintain equipment associated with the process;

    c.    Failing to maintain its tank gauges and alarms to avoid;

    d.    Failing to maintain a reliable system and/or device to prevent the release, or warn of the release of toxic and poisonous chemicals;

    e.    Failing to perform work in a safe and prudent manner;

    f.    Failing to adopt proper operating procedures;

    g.    Failing to comply with proper operating procedures;

4

6.3    The above-stated conduct is not an exhaustive list.  Plaintiffs claim that the above acts and/or omissions proximately caused the injuries and damages to Plaintiffs and for which this suit is brought.

### Res Ipsa Loquitur

6.4    Plaintiffs invoke the doctrine of res ipsa loquitur.  Plaintiffs claim that the character of the event made the basis of this suit is such that it would not ordinarily occur in the absence of negligence and that the conditions and/or instrumentalities causing the injuries were under the management and control of one or more of the Defendant MARATHON, their agents, servants, employees and vice-principals.

### Strict Liability for Ultrahazardous Activity

6.5    Plaintiffs further allege that the release of the toxic chemicals resulted from a condition that was extremely hazardous and fraught with danger, and therefore constituted an ultra-hazardous activity under Texas law.  Accordingly, the Defendant MARATHON, is strictly liable for injuries and damages proximately caused by the release of toxic chemicals which came in contact with the Plaintiffs.

### Vicarious Liability

6.6    MARATHON is legally responsible to Plaintiffs for the negligence conduct of BROOKS, and all of the BP employees, agents, servants and representatives under the legal doctrines of respondeat superior, agency and/or ostensible agency because BROOKS and MARATHON were, at all times material hereto, agents, ostensible agents, servants and/or employees of MARATHON and were acting within the course and scope of such agency, servitude or employment.  As a result thereof,

5

MARATHON is vicariously liable for all negligence of BROOKS, including all agents, servants, employees and representatives.

### Private Nuisance

6.7    Plaintiffs re-allege each and every allegation set forth above.

6.8.    Plaintiffs further allege that Defendants' historic acts and omissions, including but not limited to release of the catalyst dust, have caused and continue to cause a material, substantial and unreasonable interference with Plaintiffs' use and enjoyment of their properties and have materially diminished and will continue to diminish the value thereof.

6.9.    Defendants' material, substantial and reasonable interference with Plaintiffs' use and enjoyment of their properties, and the continuing material, substantial and unreasonable interference with such use and enjoyment constitutes a private nuisance.

6.10.    Defendants' creation and continuing creation of private nuisance proximately caused and continues to cause damage to Plaintiffs in the form of property damage, physical harm and emotional distress.

### VII.

### DAMAGES

7.1    As a direct and proximate result of the conduct of Defendants, the Plaintiffs have personal bodily injuries requiring medical care and treatment, mental and physical pain and suffering, mental anguish in the past and which is expected to continue into the future, reasonable and necessary past and future medical and

6

psychological expenses, physical impairment and disfigurement.

7.2     From the date of the exposures in question until the time of trial of this

case, the elements of damages to be considered separately and individually for the

purpose of determining the sum of money that will fairly and reasonably compensate

Plaintiffs for each element of damage is as follows:

a.     The physical pain that they suffered from the
date of the exposure in question up to the time
of trial.

b.     The mental anguish that they suffered from the
date of the exposure in question up to the time
of trial.

c.     The damages resulting from the physical
impairment they suffered and the resulting
inability to do those tasks and services that
they ordinarily would have been able to
perform.

d      The loss of earning capacity which Plaintiffs
have suffered from the date of the exposures
in question up to the time of trial.

7.3     From the time of trial of this case, the elements of damages to be

considered which Plaintiffs will sustain in the future beyond the trial are such of the

following elements that are shown by a preponderance of the evidence upon trial of this

case:

a.     The physical pain that Plaintiffs will suffer in
the future beyond the time of trial.

b.     The mental anguish that Plaintiffs will suffer in
the future beyond the time of trial.

c.     The damages resulting from the physical

> impairment that Plaintiffs will continue to
> suffer in the future and the resulting inability
> to do those tasks and services that they
> ordinarily would have been able to perform in
> the future beyond the time of trial.

    d.    The loss of earning capacity Plaintiffs will
suffer in the future beyond the time of trial.

7.4   Because of all of the above and foregoing, Plaintiffs have been damages and will be damaged in an amount in excess of the jurisdictional limits of the Court.

## Medical Damages

7.5.   Further, as a direct and proximate result of Defendants negligence, it was necessary for Plaintiffs to secure medical services, including drugs and other medication, and it is reasonably probable that they will require additional medical, hospital and drug services in the future beyond this date.  Plaintiffs herenow sue for an additional sum within the jurisdictional limits of the Court for past and future medical, doctor, rehabilitation, hospital and drug services.

## General Damages of Spousal Plaintiffs

7.6   Spouses of Plaintiffs assert their individual cause of action for loss of their spouses consortium and household services.  Plaintiffs would show the Court that consortium and household services is the mutual right of a husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love and felicity necessary to a successful marriage.  Plaintiffs would further show the Court that household services is the performance of household and domestic duties by a spouse to the marriage.

8

7.7     From the date of the incident in question until the time of trial, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs for each element are as follows:

a.    The damages suffered for the loss of household services that their spouse ordinarily would have been able to perform.

b.    The loss of consortium that Plaintiffs have suffered from the date of the accident in question up to the time of trial.

7.8     From the time of the trial of this case, the elements of damages to be considered which Plaintiffs will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case.

a.    The future damages suffered for the loss of household services that their spouse ordinarily would have been able to perform.

b.    The loss of consortium that Plaintiffs have suffered from the date of the accident in question up to the time of trial.

## VIII.

## GROSS NEGLIGENCE

8.1.    Plaintiffs would also show unto the Court that the conduct of Defendant MARATHON, acting by and through its agents and employees on the occasion in question, were not limited to mere ordinary negligence.  To the contrary, Defendant's conduct amounts to gross negligence.  In this regard, gross negligence means an act or omission which when viewed objectively from the standpoint of the Defendant

9

MARATHON, at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and which the Defendant MARATHON had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of the Plaintiffs and others similarly situated.

8.2.    Accordingly, because of the gross negligence of the Defendant MARATHON, Plaintiffs should be awarded punitive and exemplary damages.  In this regard, Plaintiffs have sustained economic damages for actual economic or pecuniary loss as set forth herein, and in addition, have sustained non-economic damages for physical pain and suffering, mental and emotional pain and anguish, physical impairment, and loss of enjoyment of life, all of which constitute  non-economic damages.  Accordingly, Plaintiffs further sue for exemplary and punitive damages .

## PROPERTY DAMAGE

9.1    Defendants attempted clean up by hydroblasting the material into the canals. The catalyst has permeated the soil and caused damage to plaintiff's property in the nature of clean up, loss of value and loss of use and enjoyment of their property.

## IX.

## TRCP 47(c)

9.    Pursuant to TRCP 47(c) Plaintiffs herenow seek monetary relief over $1,000,000.

# X.

## PREJUDGMENT INTEREST

10.     In addition to the above and foregoing allegations, Plaintiffs further plead entitlement to prejudgment interest at the highest rate allowed by law.

## PRAYER

For the reasons stated above the Plaintiffs request the Defendants MARATHON and BROOKS be cited and required to appear and answer. Plaintiffs request that after final hearing and trial Plaintiffs have judgment against Defendants, jointly and severally, for at least the following:

1.     All damages to which Plaintiffs are entitled within the jurisdictional limits of this Court;

2.     Pre-and post-judgment interest as allowed by law;

3.     Costs of court;

4.     All other relief to which Plaintiffs are justly entitled, at law or in equity.

Respectfully submitted,

THE LAW FIRM OF ALTON C. TODD

By _____
      Alton C. Todd
      SBN: 20092000
      312 S. Friendswood Dr.
      Friendswood, Texas 77546
      281.992.8633
      281.648.8633 Facsimile
      alton@actlaw.com

ATTORNEY FOR PLAINTIFFS

## EXHIBIT 1 to NOTICE OF REMOVAL

## ATTACHMENT 3:  ORDERS SIGNED BY STATE COURT JUDGE

None

**<u>EXHIBIT 1 to NOTICE OF REMOVAL</u>**

**ATTACHMENT 4:  DOCKET SHEET**

# CASE SUMMARY
## CASE NO. 15-CV-0360

| | | |
|---|---|---|
| Heather Crich, Et Al vs. Marathon Petroleum Company, Et Al | §<br>§<br>§<br>§<br>§<br>§ | Case Type: **Injury/Damage - Other**<br>Subtype: **Industrial**<br>Date Filed: **04/13/2015**<br>Location: **212th District Court**<br>Judicial Officer: **Grady, Patricia** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| As Next Friend Of | Crich, Gary | **Lead Attorneys**<br>**Alton C. Todd**<br>*Retained*<br>281-992-8633(W)<br>281-648-8633(F)<br>alton@actlaw.com |
| As Next Friend Of | Crich, Heather | **Alton C. Todd**<br>*Retained*<br>281-992-8633(W)<br>281-648-8633(F)<br>alton@actlaw.com |
| Defendant | **Brooks, Raymond L.**<br>4609 Hermosa Arroyo Drive<br>League City, TX 77573 | |
| Defendant | **Marathon Petroleum Company**<br>Registered Agent, C.T. Corporation System<br>1999 Bryan Street, Suite 900<br>Dallas, TX 75201 | **George Thomas Shipley**<br>*Retained*<br>7136525920(W)<br>7136523057(F) |
| Plaintiff | **Crich, Gary** | **Alton C. Todd**<br>*Retained*<br>281-992-8633(W)<br>281-648-8633(F)<br>alton@actlaw.com |
| Plaintiff | **Crich, Heather** | **Alton C. Todd**<br>*Retained*<br>281-992-8633(W)<br>281-648-8633(F)<br>alton@actlaw.com |
| Plaintiff | **XXXXX, XXXXXX** | **Alton C. Todd**<br>*Retained*<br>281-992-8633(W)<br>281-648-8633(F)<br>alton@actlaw.com |
| Plaintiff | **XXXXX, XXXXXX** | **Alton C. Todd**<br>*Retained*<br>281-992-8633(W)<br>281-648-8633(F)<br>alton@actlaw.com |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/13/2015 | **Original Petition - OCA**<br>*Petition Original Petition* |
| 04/13/2015 | **OCA Case Information Sheet**<br>*Civil Case Info Sheet* |
| 04/13/2015 | **Request for Civil Service**<br>*Request for Issuance of Service, Marathon; Assigned to R.K.* |
| 04/13/2015 | **Request for Civil Service**<br>*Request for Issuance of Service, Raymond Brooks; Assigned to R.K.* |
| 04/13/2015 | **Citation Issuance - Work Product**<br>*Issued 2 Citations@$8.00 Each Along With S/C Sheet And Mailed to Attorney. RK* |

| | |
|---|---|
| 04/21/2015 | <u>Return of Service on Citation/Subpoena</u> |
| | *Return of Service - R. Brooks* |
| 04/23/2015 | <u>Correspondence</u> |
| | *Regarding: Return of Service* |
| 04/23/2015 | <u>Citation and Return</u> |
| 05/01/2015 | <u>Original Answer</u> |
| | *Defendants Marathon Petroleum Company, LP and Raymond L. Brooks' Original Answer* |
| 07/09/2015 | **Status Conference**  (9:00 AM) (Judicial Officer Grady, Patricia) |

**Unofficial Record**

**<u>EXHIBIT 1 to NOTICE OF REMOVAL</u>**


**ATTACHMENT 5:  INDEX OF MATTERS BEING FILED**


1)      All Executed Process in the Case (Attachment 1)

2)      Pleadings (Attachment 2)

3)      Orders Signed by State Court Judge (None) (Attachment 3)

4)      Docket Sheet (Attachment 4)

5)      Index of Matters Being Filed (Attachment 5)

6)      List of All Counsel of Record (Attachment 6)

DA6B3A46B0E66268: 0001

## EXHIBIT 1 to NOTICE OF REMOVAL

## ATTACHMENT 6:  LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiffs Heather Crich and Gary Crich, Individually and as Next Friends of XXXXXX XXXXX and XXXXXX XXXXX, Minors:**

**Alton C. Todd**
SBN: 20092000
THE LAW FIRM OF ALTON C. TODD
312 S. Friendswood Dr.
Friendswood, Texas 77546
T: (281) 992-8633
F: (281) 648-8633
alton@actlaw.com

---

**Counsel for Defendants Marathon Petroleum Company, LP and Raymond L. Brooks**

**George T. Shipley**
SBN: 18267100
Fed. ID No. 2118
**Joel Z. Montgomery**
SBN: 24002631
Fed. ID No. 22130
**Laina R. Miller**
SBN: 24037114
Fed. ID No. 36597
SHIPLEY SNELL MONTGOMERY LLP
712 Main Street, Suite 1400
Houston, Texas  77002-3201
T: (713) 652-5920
F: (713) 652-3057
gshipley@shipleysnell.com
jmontgomery@shipleysnell.com
lmiller@shipleysnell.com